PEOPLE v IVORY

1. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO REMAIN SILENT—
   EXAMINATION OF DEFENDANT.

   Cross-examination of a criminal defendant by the prosecutor
   concerning whether the defendant had made a statement to
   any police detectives in charge of the investigation of the case
   violated the defendant's right to remain silent and, thus, consti-
   tutes error.

2. APPEAL AND ERROR—HARMLESS ERROR—CONSTITUTIONAL LAW—
   RIGHT TO REMAIN SILENT.

   Despite the constitutional dimensions of an error, if the error did
   not in fact harm the defendant, then it is harmless error; thus,
   a short invasion of a defendant's right to remain silent by the
   prosecuting attorney by asking the defendant whether he had
   made statements to the police detectives in charge of the
   investigation was harmless error beyond a reasonable doubt
   where a review of the record shows no reasonable possibility
   that the error contributed to the defendant's conviction and
   there was no other reference to this testimony in the record.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION
   —MANIFEST INJUSTICE—COURT RULES.

   A defendant did not preserve for appeal an issue concerning the
   instructions to the jury where he failed to object at trial to the
   complained-of instruction, he approved the instructions at trial
   and no manifest injustice is present (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Susan
D. Borman, J. Submitted June 18, 1975, at Detroit.
(Docket No. 21346.) Decided September 24, 1975.
Leave to appeal denied, 396 Mich —.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 638 *et seq.*
[3] 75 Am Jur 2d, Trial § 906.

Larry Ivory was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant.

Before: T. M. Burns, P. J., and Quinn and M. J. Kelly, JJ.

Quinn, J. Defendant was tried on a charge of first-degree murder, MCLA 750.316; MSA 28.548. The jury found him guilty of second-degree murder, MCLA 750.317; MSA 28.549 on June 4, 1974. He was sentenced and he appeals on two issues:

1. The cross-examination of defendant by the prosecuting attorney and the latter's comments during closing argument violated defendant's constitutional right to remain silent and created prejudicial error.

2. The trial court's instruction to the jury on the prosecuting attorney's duty to produce a res gestae witness was erroneous.

It is not disputed that defendant killed the victim, Emma Montgomery. She died of nine stab wounds. The defense was self-defense.

During his direct examination, defendant testified that the victim cut his finger and his boot with a knife during the conflict. During cross-examination, he was asked if he had shown the cuts on his finger and on his boot to the police. Defend-

ant's answer was that he had not. This cross-examination did not violate defendant's right to remain silent.

However, the following cross-examination:

"*Q.* Did you talk to any detectives in charge of the case?

"*A.* No.

"*Q.* You never talked to one?

"*A.* They wanted me to make a statement, but I didn't have to make one."

does violate defendant's right to remain silent and does constitute error. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). The inquiry becomes whether it is reversible error. As stated in *People v Swan,* 56 Mich App 22, 31; 223 NW2d 346, 351 (1974):

"Despite the constitutional dimensions of the error, if it did not in fact prejudice the defendant, then it may be held harmless."

Our review of this record convinces us that there is no reasonable possibility that this short invasion of defendant's right to remain silent contributed to his conviction. We find no other reference to this testimony anywhere in the record, and our finding is that the error was harmless beyond a reasonable doubt.

The second issue was not saved for review. Defendant not only failed to object to the instruction he attacks on appeal, GCR 1963, 516.2, he approved it at trial. No manifest injustice is present.

Affirmed.